Parker C. J.
dissented, on the ground that as the action was not commenced until after the time limited in the indorsement had éxpired, the restriction had become functus officio, and so it was useless to set it out in the declaration.

Verdict set aside and a new trial granted.

After this opinion was delivered, the plaintiff moved to amend ; and at March term 1827, Rand objected, that in equity the motion should not be allowed, because it would be a hardship upon the trustee, who, after a verdict against the plaintiff in the Court of Common Pleas, paid over the money in his hands to the principal defendant, and also upon the creditors of the principal defendant, he having died insolvent. 2 Brod. & Bing. 395 ; 4 Maulé & Selw. 329 ; 7 T. R. 699 ; 2 New Rep. 135 ; 6 Taunt. 483. But the Court granted leave to amend upon payment of costs, suggesting however for the consideration of the plaintiff’s counsel, whether the defendant’s dying insolvent would not discharge an attachment of property in the hands of a trustee, as well as other attachments.